UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MEGAN SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04041-SLD-JEH |
| | ) |
| CHRISTINE WORMUTH, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Defendant Secretary of the Army Christine Wormuth's Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b), ECF No. 19. For the following reasons, the Court GRANTS the motion.

**BACKGROUND**

On March 11, 2021, Plaintiff Megan Sims initiated this lawsuit against Defendant, alleging that Defendant, her former employer, discriminated against her on the basis of her sex and retaliated against her for filing a discrimination claim with Defendant's Equal Employment Opportunity office. Compl. 3–4, ECF No. 1. Defendant filed a motion for summary judgment, *see* Mot. Summ. J., ECF No. 7, which the Court granted in part and denied in part, Mar. 8, 2022 Order 17, ECF No. 11. On April 21, 2022, the Court adopted the parties' proposed discovery plan, *see* Proposed Disc. Plan, ECF No. 15, and set a March 1, 2023 deadline for discovery. *See* Apr. 21, 2022 Text Order.

Defendant filed the instant motion on December 2, 2022, arguing that the case should be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Mot. Dismiss 1, 4. As of this date, Plaintiff has not responded to Defendant's motion.

1

## DISCUSSION

### I.  Legal Standard

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedures] or a court order, a defendant may move to dismiss the action or any claim against it."  A case should only be dismissed pursuant to this rule "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (quotation marks omitted); *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (noting that dismissal for want of prosecution is "an extraordinarily harsh sanction that should be used only in extreme situations" (quotation marks omitted)).  When evaluating whether dismissal under Rule 41(b) is appropriate, courts consider

> the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993).

The Seventh Circuit "encourage[s] district courts to provide an explicit warning [of an impending dismissal] before a . . . Rule 41 dismissal is ordered."  *Brown*, 664 F.3d at 192; *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (clarifying that an earlier statement by the court that an explicit warning must be given "was not intended to lay down a rigid rule" but was rather intended "as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal").  Such a warning "need not come from the judge."  *Brown*, 664 F.3d at 192 (noting that in *Fischer*, "the fact that the defendant requested

dismissal if the plaintiff continued to violate discovery orders was deemed to contribute to the plaintiff's warning that dismissal was a possibility").

II.     Analysis

In her motion, Defendant contends that dismissal under Rule 41(b) is warranted because "Plaintiff has not engaged in any discovery since providing initial disclosures on June 29, 2022" and "[d]espite numerous attempts to engage with Plaintiff in the discovery process, almost all of Defendant's discovery requests are still unanswered." Mot. Dismiss 1. To support these assertions, Defendant attaches to her motion a series of emails between her counsel, Kimberly Klein, and Plaintiff's counsel, Stephen Fieweger, showing Fieweger's continued failure to respond to Klein's discovery overtures. On July 25, 2022, Klein's paralegal emailed Fieweger Defendant's first set of interrogatories and first request for production of documents. First Email Series 1, Mot. Dismiss Ex. 1, ECF No. 19-1. Klein followed up with Fieweger on October 4, 2022 and told him that she had not yet received his responses to Defendant's interrogatories and request for production. *Id.* On October 31, 2022, Klein wrote Fieweger that she "ha[d] still not received [Plaintiff's] responses" and asked that he "advise [her] when [she] c[ould] expect them" and provide dates on which Plaintiff was available for a deposition. Second Email Series 1, Mot. Dismiss Ex. 2, ECF No. 19-2. Finally, on November 21, 2022, Klein emailed Fieweger that "[i]t ha[d] been another three weeks, and [she] ha[d] still not received any communication from [him] in response to [her] requests." Third Email Series 1, Mot. Dismiss Ex. 3, ECF No. 19-3. She informed him that if she did not hear from him by December 1, 2022, "[she] w[ould] file a motion to dismiss for lack of prosecution." *Id.* Fieweger did not reply to any of these messages. *See id.* at 1–3.

Based on these representations by Defendant—and Plaintiff's failure to provide a counter-narrative—it appears that there is a clear record of delay on Plaintiff's part sufficient to justify dismissal under Rule 41(b).  Apart from serving her initial disclosures, interrogatories, and request for production on June 29, 2022, *see* Not. Service Initial Disclosures, ECF No. 17; Not. Service Disc., ECF No. 18, Plaintiff has not engaged in the discovery process directed by the Court, *see* Apr. 21, 2022 Text Order, and, indeed, has repeatedly ignored multiple attempts by Defendant's counsel to proceed with discovery.  *See* Mot. Dismiss 1; Third Email Series 1–3.  The discovery deadline of March 1, 2023 has now passed without any attempt by Plaintiff to have it extended.  Further, Plaintiff's conduct has resulted in prejudice to Defendant and the Court.  Plaintiff's continued failure to respond to Defendant's discovery requests, as well as her refusal to provide dates to sit for a deposition, has prevented Defendant from gathering the information she needs to prepare a defense.  And Plaintiff's lack of participation in the discovery process has resulted in unnecessary delay to the proceedings.  Moreover, as Defendant points out, *see* Mot. Dismiss 4, without full participation in discovery, it is uncertain whether Plaintiff will be able to muster the evidence she needs to prevail in this case.  *See Byrne v. Bd. of Educ., Sch. Of W. Allis-W. Milwaukee*, 979 F.2d 560, 563 (7th Cir. 1992) (noting that a plaintiff seeking to prevail on a discrimination claim against the federal government "b[ears] the initial burden at trial").  Finally, the Court does not believe any untoward consequences would result from dismissing the suit.

As such, the balance of the factors set forth in *Ball* weigh in favor of dismissal under Rule 41(b).[1]  *See Ball*, 2 F.3d at 759–60; *see, e.g.*, *Roland v. Salem Cont. Carriers, Inc.*, 811 F.2d

---

[1] *Ball* also directs courts to examine "the apportionment of responsibility for those failures between the plaintiff and his counsel."  *Ball*, 2 F.3d at 760.  Because Plaintiff did not respond to the motion to dismiss, the Court has no information regarding this factor.  Nonetheless, since the other *Ball* factors all support dismissal, on balance, the Court finds that dismissal is warranted.

1175, 1178–79 (7th Cir. 1987) (finding that the plaintiffs' initial delay in answering interrogatories, failure to comply with a court order to supplement their inadequate responses, and failure to respond to the defendants' motion to dismiss, along with a failure to obtain local counsel in violation of two court orders, "established a clear record of delay or contumacious conduct" (quotation marks omitted)).  And Plaintiff has been adequately warned of the potential for dismissal for want of prosecution, *see Brown*, 664 F.3d at 192, by both Klein's November 21, 2022 email to Fieweger and the filing of Defendant's motion to dismiss.  The Court thus grants the motion and dismisses this case with prejudice for want of prosecution pursuant to Rule 41(b).

## CONCLUSION

Accordingly, the Court GRANTS Defendant Secretary of the Army Christine Wormuth's Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b), ECF No. 19.  The Clerk is directed to enter judgment and close the case.

Entered this 18th day of April, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
